**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHALONDA CAMPBELL,
ADC #710039                                                                                              PLAINTIFF

v.                                         1:11-cv-00091-JMM-JTK

GWENDOLYN COX, et al.                                                                    DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

1

>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Shalonda Campbell is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this pro se 42 U.S.C. § 1983 action, alleging she was facing death at McPherson Unit, suffered pain and a swollen face, and wished to file a lawsuit for retaliation against the Defendants. By Order dated October 27, 2011 (Doc. No. 7), this Court granted Plaintiff's application to proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend her Complaint. (Id.) Plaintiff filed an Amended Complaint, stating she wished to add as a Defendant, Sheriell Robinson (Doc. No. 9). By Order dated November 15, 2011, the Court stated that Plaintiff again failed to include any specific allegations against the Defendants as directed in the prior Orders, and granted Plaintiff one final opportunity in which to file an Amended Complaint in compliance with the October 27, 2011 Order. The Court specifically directed Plaintiff to "list all Defendants and specify the actions each of the Defendants took against Plaintiff and how those actions violated Plaintiff's constitutional

rights," including "references to dates, time, and places, where applicable." (Doc. No. 10.) The Court also advised Plaintiff that failure to comply with the directive would result in the dismissal of her Complaint, for failure to state a claim upon which relief may be granted. (Id.) As of this date, Plaintiff has not submitted an additional Amended Complaint.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this case, however, Plaintiff has repeatedly failed to identify specific constitutional violations committed against her by the Defendants. Therefore, pursuant to Twombly, supra, Plaintiff fails to "state a claim to relief that is plausible on its face." 550 U.S. at 570.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Original and Amended Complaints against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that this dismissal constitute a "strike" within the meaning of the PLRA.[1]

IT IS FURTHER RECOMMENDED that the Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 20th day of December, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.